**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JUSTIN EVERETT,                              )
                                             )    No. 2:19-cv-00322-RJC
            Plaintiff,                       )
                                             )
      vs.                                    )
                                             )    Judge Robert J. Colville
WOODLAND HILLS, KELLY SERVICES,              )
ALLISON KLINE, ADREN REBEL,                  )
STEVEN SELVIE, and WALTER GAIDA,             )
                                             )
            Defendants.                      )

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is Plaintiff Justin Everett's Response to Order to Show Cause (ECF No. 33). On July 15, 2020, this Court issued an Order (ECF No. 32) directing Plaintiff to show good cause why this matter should not be dismissed without prejudice due to Plaintiff's failure to effectuate service on any of the Defendants by July 13, 2020, as directed by this Court's June 3, 2020 Order of Court (ECF No. 30). For the reasons discussed below, this Court finds that Plaintiff has failed to show good cause why this action should not be dismissed without prejudice, and further finds that no further discretionary extensions of time to serve are warranted in this matter.

I.      **Background**

Plaintiff brings this action against Defendants Woodland Hills,[1] Kelly Services,[2] Allison Kline ("Kline"), Walter Gaida ("Gaida"), Steven Selvie ("Selvie"), and Adren Rebel ("Rebel")

_____

[1] While Plaintiff does not refer to Woodland Hills as "Woodland Hills School District" in the caption of his Amended Complaint, the Amended Complaint's "List of Defendants" makes clear that he is suing Woodland Hills School District. *See* Am. Compl., ECF No. 12-2. This Court shall refer to Woodland Hills School District as "Woodland Hills."

[2] As discussed in further detail below, it is apparent that "Kelly Services" refers to Kelly Services, Inc., a company with its corporate headquarters in Troy, Michigan. The Court will refer to Kelly Services, Inc. as "Kelly Services."

1

(collectively, "Defendants") for violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983.  Plaintiff asserts that Defendants violated Section 1981 and Section 1983 by wrongfully terminating Plaintiff.  Am. Compl. 3-4, ECF No. 12.  In his Amended Complaint, Plaintiff appears to allege that individual Defendants Kline and Gaida are Woodland Hills employees.  Am. Compl. 2, ECF No. 12.  Plaintiff does not identify or list individual Defendants Selvie or Rebel in his Amended Complaint, but does state that Selvie is "being sued."  Am. Compl., ECF No. 12-1.  Plaintiff's original Complaint listed both Selvie and Rebel in the caption, and it appears that Plaintiff has again listed their names in the caption of the Amended Complaint.[3]

Plaintiff commenced this action by filing a Complaint (ECF No. 1) on March 26, 2019.  On March 27, 2019, the Honorable Peter J. Phipps entered an Order (ECF No. 2) informing Plaintiff that his Complaint would be dismissed if Plaintiff failed to pay the requisite filing fee or a petition to proceed in forma pauperis by April 17, 2019.  Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 3) on April 17, 2019.  Judge Phipps denied that Application by Court Order (ECF No. 6), but permitted Plaintiff to pay a reduced filing fee of $100.00 by May 13, 2019.  On May 13, 2019, Plaintiff filed a Motion (ECF No. 9) seeking a stay in this action to provide him with more time pay the requisite filing fee, and Judge Phipps entered an Order (ECF No. 10) on May 15, 2019 staying this matter until June 30, 2019.  Plaintiff paid the requisite filing fee on June 28, 2019, the stay was lifted on July 5, 2019, and Plaintiff filed his operative Amended Complaint (ECF No. 12) on July 5, 2019.

---

[3] Plaintiff's Amended Complaint is handwritten, and while it is mostly legible, the Court has difficulty identifying two names listed in the caption.  One is likely "Steve Selvie," and the other, while much less legible, could be "Adren Rebel."  In an attempt to prove that all Defendants have been served in this matter, Plaintiff has submitted a form with both of these names handwritten on the form.  *See* June 12, 2020 Correspondence, ECF No. 31. The Court is thus satisfied that Plaintiff's Amended Complaint, like the original Complaint, lists Selvie and Rebel in the caption.

This case was reassigned to the Honorable J. Nicholas Ranjan on August 7, 2019.  ECF No. 14.  On August 9, 2019, Plaintiff submitted six USM-285 "Process Receipt and Return" Forms to the Clerk of Courts.  *See* Remark, ECF No. 15; August 13, 2019 Mem. Order, ECF No. 16.  Judge Ranjan construed the submission of these forms as a request that the Court direct the United States Marshals Service to effectuate service of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure (4)(c)(3).  August 13, 2019 Mem. Order, ECF No. 16.  Judge Ranjan denied this request on the basis that Judge Phipps had previously denied Plaintiff's Motion to Proceed in District Court Without Prepaying Fees or Costs and because Plaintiff failed to otherwise show good cause for alternative service, and instructed that it is "'[t]he plaintiff,' not the Court, who is 'responsible for having the summons and complaint served within the time allowed by Rule 4(m),' absent an order granting in forma pauperis status."  *Id*. (quoting Fed. R. Civ. P. 4(c)(1)).

On August 22, 2019, Plaintiff submitted to the Court several unsigned "Notice of Lawsuit and Request to Waive Service of a Summons" (AO 398) forms and "Waiver of the Service of a Summons" (AO 399) forms addressed to the Defendants from Plaintiff.  *See* Remark, ECF No. 17; August 22, 2019 Order, ECF No. 18.  In response, Judge Ranjan entered an Order reiterating that Plaintiff, not the Court, bore the responsibility for service of process in the time and manner provided for Fed. R. Civ. P. 4, and took no further action with respect to Plaintiff's submission.  August 22, 2019 Order, ECF No. 18.  On October 16, 2019, Judge Ranjan issued an Order to Show Cause directing Plaintiff to show good cause, by October 28, 2019, for his failure to serve the Defendants.  October 16, 2019 Order, ECF No. 19.  Plaintiff responded on October 28, 2019, *see* ECF No. 20, and Judge Ranjan, based upon a finding of good cause, extended the time for service in this case to December 12, 2019, *see* October 28, 2019 Order, ECF No. 21.  On December 12,

2019, Plaintiff again requested that the Court extend the time for service in this case, *see* Mot. to Continue, ECF No. 22, and Judge Ranjan granted Plaintiff's Motion and extended the deadline for service to April 12, 2020, affording Plaintiff an extra four months to serve the Defendants in this matter, *see* December 13, 2019 Order, ECF No. 23.

This case was reassigned to the undersigned on February 4, 2020.  ECF No. 24.  On April 9, 2020, Plaintiff, citing the ongoing COVID-19 pandemic, filed a Motion (ECF No. 26) seeking an "extension of this case" which this Court interpreted as a further Motion for Extension of Time to Effectuate Service/File Return of Service.  *See* April 10, 2020 Order, ECF No. 27.  The Court granted the relief requested, and extended the deadline for service in this matter to May 29, 2020, and further directed Plaintiff to file returns of service for each Defendant by May 29, 2020.  *Id*.

On May 29, 2020, Plaintiff filed a "Letter Regarding Evidence" (ECF No. 29), through which Plaintiff averred that Plaintiff had effectuated service upon Defendants and attached several blurry photographs of documents that Plaintiff characterized as "evidence" and "proof of service." This Court issued an Order on June 3, 2020 informing Plaintiff that the information contained within the attached documents was indecipherable in light of the poor quality of the photographs, but also identifying the documents as three (3) "Notice of Lawsuit and Request to Waive Service of a Summons" (AO 398) forms and one (1) unsigned "Waiver of the Service of a Summons" (AO 399) form.[4]  June 3, 2020 Order 1-2, ECF No. 30.  The Court explicitly held that the attached forms, if correctly identified by the Court, did not constitute proof of service or proof of waiver of service pursuant to Fed. R. Civ. P. 4.  *Id.* at 2.  The Court further informed Plaintiff that it remained

---

[4] In its June 3, 2020, Order, the Court also afforded Plaintiff an opportunity to refile the attached documents if the Plaintiff believed that the Court had misidentified the attachments.  June 3, 2020 Order 2, ECF No. 30.  Plaintiff refiled the attachments, as well as several additional documents including addressed envelopes and additional "Notice of Lawsuit and Request to Waive Service of a Summons" forms and unsigned "Waiver of the Service of a Summons" forms, thus confirming this Court's initial identification of attachments.  *See* June 12, 2020 Correspondence, ECF No. 31.

4

his responsibility to effectuate service in this matter, and extended the deadline for service to July 13, 2020.[5]  The Court also informed Plaintiff that the Court was not inclined to grant any further extensions of time for service absent extraordinary circumstances because Plaintiff had already been afforded three (3) substantial extensions of the deadline for service in this matter.

On June 12, 2020, Plaintiff refiled the attachments to his letter, as well as several additional documents including addressed envelopes and additional "Notice of Lawsuit and Request to Waive Service of a Summons" forms and unsigned "Waiver of the Service of a Summons" forms, without further explanation.  June 12, 2020 Correspondence, ECF No. 31.  On July 15, 2020, this Court entered an Order directing Plaintiff to show good cause, by no later than July 24, 2020, why this matter should not be dismissed without prejudice due to Plaintiff's failure to serve the Defendants by July 13, 2020, as directed by this Court's June 3, 2020 Order of Court.  July 15, 2020 Order, ECF No. 32.  Plaintiff filed his Response (ECF No. 33) to this Court's July 15, 2020 Order on July 23, 2020.  Plaintiff asserts that he has, in fact, served the Defendants, and that he has submitted sufficient proof of such service.  Resp. to Order to Show Cause 1, ECF No. 33.

## II.     Legal Standard

Fed. R. Civ. P. 4(m) provides that a court, on motion or on its own after notice to the plaintiff, must dismiss an action without prejudice if a defendant is not served within ninety days following the filing of the complaint.  The court must extend the time for service, however, if a plaintiff shows good cause for failure to serve.  Fed. R. Civ. P. 4(m).  Absent a showing of good

---

[5] Plaintiff also requested to display video evidence to the Court respecting service, and the Court denied that request. June 3, 2020 Order 2, ECF No. 30.  It is clear that Plaintiff's video evidence consisted of video of Plaintiff mailing envelopes containing his Amended Complaint, a "Notice of Lawsuit and Request to Waive Service of a Summons" form, and a "Waiver of the Service of a Summons" form to the Defendants.  *See* Resp. to Order to Show Cause 1, ECF No. 33.  For reasons discussed more fully below, video evidence of Plaintiff mailing these documents would not constitute proof of service.

cause, a court may, in its discretion, dismiss an action without prejudice or extend the time for service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

### III.  Discussion

#### A.  Were Defendants Served with Process in this Matter?

In Plaintiff's Response to this Court's July 15, 2020 Order directing Plaintiff to show good cause why this case should not be dismissed without prejudice for failure to serve Defendants within the time allowed by Rule 4 and this Court's Orders, Plaintiff asserts that he has, in fact, served the Defendants with process in this matter.  Resp. to Order to Show Cause 1, ECF No. 33. Accordingly, before determining whether dismissal of this action or an extension of time for service is appropriate under Fed. R. Civ. P. 4(m), the Court must first determine whether any Defendant has been properly served.

With respect to service on an individual within a Judicial District of the United States, Federal Rule of Civil Procedure 4 provides:

> (e) Serving an Individual Within a Judicial District of the United States.  Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). With respect to corporations and state or local government entities, Federal Rules of Civil Procedure 4(h)(1) and 4(j)(2) similarly require personal service or service in accordance with state law.  Pursuant to Fed. R. Civ. P. 4(d), a plaintiff may notify an individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) that an action has been filed against that defendant, and request that the defendant waive service.  Fed. R. Civ. P. 4(d).  "Absent a waiver, the Federal Rules require either personal service or, pursuant to Fed. R. Civ. P. 4(e)(1), service that complies with state law."  *Boley v. Kaymark*, 123 F.3d 756, 757 (3d Cir. 1997).

The purported service in this case is defective for several reasons.  Initially, Plaintiff argues that he served the Defendants by sending the Amended Complaint, along with "Notice of Lawsuit and Request to Waive Service of a Summons" forms and "Waiver of the Service of a Summons" forms, to each of the Defendants.  *See* Resp. to Order to Show Cause 1, ECF No. 33; May 29, 2020 Letter, ECF No. 29; June 12, 2020 Correspondence, ECF No. 31.  Plaintiff dated these forms January 29, 2020, and filled in the forms to allow each Defendant thirty (30) days from January 29, 2020 to return a signed waiver of service.  June 12, 2020 Correspondence, ECF No. 31. Because Plaintiff included the "Notice of Lawsuit and Request to Waive Service of a Summons" forms and "Waiver of the Service of a Summons" forms along with his Amended Complaint in attempting to serve the Defendants by mail, *see* ECF No. 29; 31, service could only be completed by way of these mailings if the Defendants had waived service.  *See Gonzalez*, 268 F.R.D. at 525 ("By including the 'Notice of Lawsuit and Request for Waiver of Service' and 'Waiver of Service of Summons' forms along with each summons and complaint, under the Federal Rules of Civil Procedure, service could only be fulfilled via these mailings if the defendants actually waived

service."  (citing *Umbenhauer v. Woog*, 969 F.2d 25, 29 (3d Cir. 1992))).  Further, the "Notice of Lawsuit and Request to Waive Service of a Summons" form explicitly provides:

> This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. . . . If you return the signed waiver, I will file it with the court. . . . If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.

June 12, 2020 Correspondence, ECF No. 31.

The "proof of service" submitted by Plaintiff, at most, displays that Plaintiff requested that Defendants waive formal service.  Plaintiff has not filed a signed waiver of service in this matter,[6] and there is nothing before the Court to indicate that any Defendant signed or returned a waiver of service in this matter, nor is any Defendant required to waive service.  Accordingly, once the Defendants did not return signed waivers of service within the requisite thirty days, it was Plaintiff's responsibility, as is explicitly explained by the forms he filed on the docket, to take steps to serve Defendants by the methods provided by Fed. R. Civ. P. 4.  Plaintiff has not submitted anything to this Court which would support a finding that Defendants have been formally served with process in this matter.  For the reasons discussed above, Plaintiff's attempts to serve Defendants by mailing his Amended Complaint along with "Notice of Lawsuit and Request to Waive Service of a Summons" forms and "Waiver of the Service of a Summons" forms are clearly deficient.

Even if this Court had not found that service in the manner attempted by Plaintiff could only be completed if the Defendants had waived service, the Court further notes that Plaintiff's attempts at service by mail in this matter would also fail for independent reasons.  Service by mail is not one of the enumerated methods of service provided for by Federal Rules of Civil Procedure

---

[6] The Court reiterates that every "Waiver of the Service of a Summons" form filed by Plaintiff is unsigned.  *See* May 29, 2020 Letter, ECF No. 29; June 12, 2020 Correspondence, ECF No. 31.

4(e)(2), 4(h)(1), or 4(j)(2).   Further, while Pennsylvania state law permits service of original process on an individual defendant *outside the Commonwealth* by mail, the same is not true with respect to individuals residing within the Commonwealth.   *See* Pa.R.C.P. 402; 403; 404.  Pa.R.C.P. 403 further provides that such process must be mailed to the defendant by a "form of mail requiring a receipt signed by the defendant or his authorized agent."  Pa.R.C.P. 404(2); Pa.R.C.P. 403.   With respect to proof of service by mail, Pa.R.C.P. 405(c) provides:

> (c) Proof of service by mail under Rule 403 shall include a return receipt signed by the defendant or, if the defendant has refused to accept mail service and the plaintiff thereafter has served the defendant by ordinary mail,
>
> > (1) the returned letter with the notation that the defendant refused to accept delivery, and
> >
> > (2) an affidavit that the letter was mailed by ordinary mail and was not returned within fifteen days after mailing.

Pa.R.C.P. 405(c).

Woodland Hills is clearly located within the Commonwealth.   Plaintiff's Amended Complaint further lists Pennsylvania addresses for individual Defendants Kline and Gaida, who Plaintiff alleges are Woodland Hills employees.   *See* Am. Compl. 2, ECF No. 12.   As such, service on these Defendants could not be effectuated by mail pursuant to either the Federal Rules of Civil Procedure or the Pennsylvania Rules of Civil Procedure.   With respect to Kelly Services, while Plaintiff listed both a Pennsylvania address and a Michigan address for Kelly Services in his Amended Complaint, *see* Am. Compl., ECF No. 12-2, Plaintiff also, in attempting to prove service, filed an envelope addressed to Kelly Services at 999 West Big Beaver Road, Troy, Michigan 48084.[7]   It is thus apparent that Plaintiff attempted to serve Kelly Services, Inc., which has its headquarters in Troy, Michigan, in the state of Michigan.   *See* Kelly Services, Inc., *Company*

---

[7]The Court notes that this address is the North America contact address of Kelly Services, Inc.  *See* Kelly Services, Inc., *Contact Us*,  https://www.kellyservices.com/global/about-us/contact-us/ (last visited July 27, 2020).

*Overview*,        https://www.kellyservices.com/global/about-us/company-information/company-overview2/ (last visited July 27, 2020).  The Court notes that the Michigan Rules of Civil Procedure allow for service by registered mail on a corporation in very limited circumstances, none of which are supported by the record in this matter, and only if the plaintiff also sends a summons and a copy of the complaint to the Michigan Bureau of Commercial Services, Corporation Division as well.[8]  Mich. Ct. R. 2.105; *see also Bullington v. Corbell*, 809 N.W.2d 657, 662 (Mich. Ct. App. 2011) ("The court rules simply do not contemplate that a plaintiff may use certified mail as an initial form of service on corporate entities of any kind.").  Further, to the extent that Plaintiff relies on the Pennsylvania Rules of Civil Procedure, Plaintiff has not set forth adequate proof of service pursuant to Pa.R.C.P. 405(c).  As such, Plaintiff fails to set forth any evidence to support a finding that Kelly Services has been served in this matter.

With respect to Rebel and/or Selvie, the Amended Complaint fails to list addresses for these Defendants.  While Plaintiff filed a single "Notice of Lawsuit and Request to Waive Service of a Summons" form containing both of these Defendants' names, Plaintiff did not file an envelope addressed to Rebel or Selvie.  It is thus not clear where these Defendants reside.  In any event, Plaintiff has not established service on these Defendants in this matter because he has not filed a waiver of service signed by Selvie or Rebel.

For the reasons discussed above, the Court finds that Plaintiff has not established that any Defendant has been properly served in this matter.  Because the Court finds that the Defendants have not yet been served in this action, and because the deadline for service has passed, the Court must determine whether a further extension of time to serve the Defendants in this case is warranted.

---

[8] There is no indication in this matter that Plaintiff sent a copy of the summons in this case to the Michigan Bureau of Commercial Services, Corporation Division.

**B.  Has Plaintiff Shown Good Cause?**

If a plaintiff shows good cause for a failure to serve, a court must grant an extension of time for service.  Fed. R. Civ. P. 4(m).  The United States Court of Appeals for the Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'"  *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995) (Becker, J., concurring in part and dissenting in part)).  The factors a court should consider in deciding whether to grant a mandatory extension are: "(1) whether the plaintiff made a reasonable effort to serve the defendant; (2) whether the plaintiff moved for an enlargement of time to serve (arguably before the expiration of the 120 day period); and (3) whether the defendant is prejudiced by the lack of timely service."  *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 526 (M.D. Pa. 2010) (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995)).   In determining whether good cause has been shown, a court looks primarily to the plaintiff's reasons for not serving the defendant within the requisite timeframe.  *Gonzalez*, 268 F.R.D. at 526.  Further, an absence of prejudice alone is insufficient to support a finding of good cause.  *Id.*

Plaintiff has not established good cause with respect to his failure to serve the Defendants in this matter.  To date, Plaintiff has not attempted to formally serve Defendants; but, rather, has only attempted to avoid the necessity of formal service by requesting that Defendants waive service.  *See Gonzalez*, 268 F.R.D. at 527 (Finding that "plaintiffs only cognizable effort toward effecting service was an attempt to avoid making formal service by mailing the complaint with the waiver of service form.").   While Plaintiff may have believed that his efforts to serve were

11

effective, the Court notes that "ignorance of the law does not rise to the level of exhibiting a reasonable basis for [a party's] noncompliance with the service requirements of Rule 4." *Id.* (citing *U.S. ex rel. Shaw Environ., Inc. v. Gulf Ins. Co.*, 225 F.R.D. 526, 528 (E.D. Va. 2005)).

Plaintiff's failure to properly serve the Defendants in this case during the most recent extension of time for service is inexcusable in light of the fact that this Court's June 3, 2020 Order identified the documents that Plaintiff had attached as "proof of service" to his May 29, 2020 Letter as three "Notice of Lawsuit and Request to Waive Service of a Summons" (AO 398) forms and a single unsigned "Waiver of the Service of a Summons" (AO 399) form, and explicitly held that the same did not constitute proof of service or proof of waiver of service pursuant to Fed. R. Civ. P. 4.  June 3, 2020 Order 1-2, ECF No. 30.  Further, as noted above, the "Notice of Lawsuit and Request to Waive Service of a Summons" form explicitly provides:

> This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. . . . If you return the signed waiver, I will file it with the court. . . . If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.

June 12, 2020 Correspondence, ECF No. 31.  As such, in addition to this explicit Court's June 3, 2020 Order, the forms themselves put Plaintiff on notice that: (1) the mailing of these forms and his Amended Complaint to the Defendants did not constitute formal service; and (2) Plaintiff was required to arrange to have the summons and complaint served on the Defendants if the Defendants did not waive formal service.  *Id.*

Rather than take steps to effectively serve Defendants after this Court informed Plaintiff that his filings did not constitute proof of service, Plaintiff merely filed clearer pictures of more "Notice of Lawsuit and Request to Waive Service of a Summons" forms and unsigned "Waiver of the Service of a Summons" forms.  Given the explicit directives of the forms at issue, and given

the clear holding of this Court's June 3, 2020 Order informing Plaintiff that he had not submitted sufficient proof of service or proof of waiver of service, the Court finds that Plaintiff did not make a reasonable effort to serve Defendants in this matter following this Court's most recent extension of time for service. Further, Plaintiff did not request another extension of time to serve the Defendants prior to the expiration of the extension of time for service provided by this Court's June 3, 2020 Order. The Court further notes that Defendants have, at a minimum, suffered some prejudice in this matter due to the amount of time that has passed as a result of Plaintiff's failure to timely serve Defendants with process in this lawsuit that has now been pending for more than sixteen months. *See Gonzalez*, 268 F.R.D. at 527 ("As with any claim, the more stale a claim becomes, the more likely it is that a defendant may become prejudiced by the lack of timely service."). Moreover, an absence of prejudice alone is insufficient to support a finding of good cause. *Id.* at 526. Because Plaintiff has not made a reasonable effort to serve Defendants in this matter, and because Defendants have suffered some prejudice, this Court finds that Plaintiff has not shown good cause warranting a mandatory extension of time for service.

### C.  Is a Discretionary Extension of Time for Service Warranted?

In the absence of a showing of good cause, a court may, in its discretion, dismiss an action without prejudice or extend the time permitted for service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Factors that a district court may consider in deciding whether to grant a discretionary extension include: "1) if the applicable statute of limitations would bar the refiled action; (2) if the defendant is evading service or conceals a defect in attempted service; (3) if the plaintiff is appearing pro se[;] (4) actual notice of the legal action; (5) prejudice to the defendant; and (6) other factors that may be relevant." *Gonzalez*, 268 F.R.D. at 528 (M.D. Pa.

2010) (citing *Petrucelli*, 46 F.3d at 1305–06 (3d Cir.1995)); *see also Chiang v. U.S. Small Bus.
Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009).

      With respect to the issue of whether the applicable statutes of limitations would bar
Plaintiff from refiling this action, Plaintiff's Amended Complaint asserts claims for violation of
42 U.S.C. § 1981 and 42 U.S.C. § 1983.  Am. Compl. 3, ECF No. 12.  The Amended Complaint
clearly asserts a claim for wrongful termination, but the Complaint does not set forth an allegation
as to when Plaintiff was terminated.  *See* Am. Compl. 4-5, ECF No. 12.  "The statute of limitations
for a § 1983 claim arising in Pennsylvania is two years."  *Kach v. Hose*, 589 F.3d 626, 634 (3d
Cir. 2009) (citing 42 Pa.C.S. § 5524(2)).  Plaintiff's Section 1981 claim for wrongful termination
is subject to a four-year statute of limitations.  *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S.
369, 383, 124 S. Ct. 1836, 1846, 158 L. Ed. 2d 645 (2004) ("Because petitioners' hostile work
environment, wrongful termination, and failure to transfer claims did not allege a violation of the
pre–1990 version of § 1981 but did allege violations of the amended statute, those claims 'ar[ose]
under' the amendment to § 1981 contained in the 1991 Act.").

      The Court notes that this action was filed more than sixteen months ago, and further notes
that Plaintiff's original Complaint explicitly acknowledged the two-year statute of limitations for
a Section 1983 claim and averred that "[w]e're going to amend this complaint within 21 days but
for purposes of the deadline ([w]e have to mail out the complaint today, or March 22, 2019) we're
going to submit this to the court.  I figured out the deadline for Section 1983 today."  Compl. 1,
ECF No. 1.  Given the passage of time since the commencement of this action and given that the
above quoted averment seems to indicate that Plaintiff filed his original Complaint near or at the
expiration of the statute of limitations for his Section 1983 claim, it is likely, though not certain,
that his Section 1983 claim will be barred by the applicable statute of limitations if this Court

dismisses this action without prejudice.  With respect to Plaintiff's Section 1981 claim, it is unlikely, but, given the limited allegations set forth in Plaintiff's Amended Complaint, entirely possible, that Plaintiff's wrongful termination claim under Section 1981 claim is also barred by the four-year statute of limitations.  Because the Court cannot be certain that Plaintiff's refiled action would be time-barred in part or in whole, and because this uncertainty arises from Plaintiff's failure to plead facts necessary for this determination or set forth argument in his Response to this Court's Order to Show Cause, this factor weighs only slightly in favor of granting a discretionary extension.

With respect to whether Defendants have evaded service or attempted to conceal a defect in service, the Court finds that this factor weighs in favor of dismissal.  The record in this matter does not reflect that any Defendant has attempted to avoid service in this matter.  As discussed above, the record before the Court indicates that Plaintiff has not even attempted formal service in this matter; but, rather has simply requested that the Defendants waive formal service.  The record further reflects that the Defendants merely have not elected to waive formal service in this matter. When the Defendants did not waive service within thirty (30) days of Plaintiff sending the forms at issue along with a copy of his Amended Complaint, it became Plaintiff's responsibility to take affirmative steps to formally serve the Defendants, as is clearly set forth in both the Federal Rules of Civil Procedure and the forms Plaintiff sent to the Defendants and filed on the docket in this matter.  The Court finds that there is no basis to conclude that any Defendant has attempted to evade service or conceal a defect in attempted service.  Rather, it is Plaintiff's own inaction that resulted in the failure to timely serve Defendants.  Accordingly, this factor weighs in favor or dismissal without prejudice.

The Plaintiff is appearing pro se in this matter, and that factor thus weighs in favor of granting a discretionary extension. The Court notes that Plaintiff avers that he sent his Amended Complaint, along with the "Notice of Lawsuit and Request to Waive Service of a Summons" forms and "Waiver of the Service of a Summons" forms, to each of the Defendants in this matter. Resp. to Order to Show Cause 1, ECF No. 33. Plaintiff further avers that Woodland Hills received notice because it "hired a lawyer to represent the documentation that was sent was on the disk that I submitted to them by mail." Resp. to Order to Show Cause 1, ECF No. 33. As noted above, no Defendant has appeared in this matter, and Plaintiff has set forth no evidence that any party waived service in this matter. Further, while Plaintiff submitted photographs of envelopes addressed to Kelly Services and Woodland Hills, Plaintiff did not submit an envelope addressed to Kline, Gaida, Selvie, or Rebel. The Court finds that this factor is neutral because, while the photographs of envelopes addressed to Kelly Services and Woodland Hills tend to show that Woodland Hills and Kelly Services may have actual notice of this action, there is nothing before this Court to indicate that any of the individual Defendants have actual notice.

As discussed above, Defendants have suffered some prejudice in this matter due to the amount of time that has passed as a result of Plaintiff's failure to timely serve Defendants with process in this lawsuit that has now been pending for more than sixteen months. *See Gonzalez*, 268 F.R.D. at 527 ("As with any claim, the more stale a claim becomes, the more likely it is that a defendant may become prejudiced by the lack of timely service."). Accordingly, this factor weighs in favor of dismissal and against the granting of a discretionary extension.

Finally, the Court may look to "any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint." *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009). In this case, Plaintiff has been granted four previous extensions

of time to serve the Defendants. *See* ECF Nos. 21; 23; 27; 30. The Court has repeatedly informed Plaintiff that his previous attempts at service were inadequate and that it was Plaintiff's responsibility to serve the Defendants in the manner prescribed by Federal Rule of Civil Procedure 4. *See* ECF Nos. 16; 18; 30. Despite these extensions and Court directives, Plaintiff has yet to even attempt formal service in a lawsuit that has been pending before this Court since March 26, 2019. The Court finds that this repeated failure to even attempt service, despite Plaintiff seeking and being afforded multiple extensions of time for service, weighs against granting a discretionary extension in this matter.

Weighing all of the above factors, the Court finds that dismissal without prejudice is appropriate in this action, and will not grant a discretionary extension of time for Plaintiff to serve Defendants. While Plaintiff's claims may be barred by the applicable statutes of limitations, the Court notes that the United States Court of Appeals for the Third Circuit has emphasized "that the running of the statute of limitations does not require the district court to extend time for service of process." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995). Further, it is Plaintiff, and not Defendants, who is exclusively at fault for Plaintiff's failure to serve Defendants by the deadline imposed by Fed. R. Civ. P. 4(m) and this Court's Orders. Defendants have also suffered prejudice due to the delay caused by Plaintiff's failure to serve Defendant's in a timely manner. Finally, the Court finds that Plaintiff's repeated failure to even attempt formal service in this matter despite Plaintiff seeking and being afforded multiple extensions of time for service, and despite Court Orders informing Plaintiff that his past attempts at service were inadequate, weighs against granting a discretionary extension in this matter. These factors outweigh any factors that weigh in favor of a discretionary extension in this matter, and this Court is thus within its discretion to dismiss Plaintiff's case without prejudice.

## IV.     Conclusion

Accordingly, for the reasons discussed above, the Court will dismiss this case without prejudice, and direct the Clerk of Courts to mark this case as closed.  An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

Dated: July 30, 2020

cc:     Justin Everett
        3505 Duquesne Avenue
        West Mifflin, PA 15122
        (Via Regular Mail)